## HOYSRADT v. HOLLAND.

Defendant having given his notes, secured by a mortgage of real estate, to one C., afterwards sold the land to H. B. S., who agreed, as part of the price, to pay off this mortgage. H. B. S. died, and his executor procured the plaintiff to advance the money and take the defendant's notes as security, and this was done to redeem the land from this incumbrance, both the plaintiff and the executor having notice of the testator's engagement to pay the mortgage debt.

It was *held*, that if the transaction was really a purchase of the notes, the plaintiff could enforce payment against the defendant; but if the money was advanced to the executor to pay off the mortgage, and he did pay it, and afterwards gave the plaintiff the defendant's notes as security, the law would be otherwise.

If, however, the plaintiff can enforce payment against the defendant, the latter, standing in the light of surety for H. B. S., would by pro-

ceedings in equity entitle himself in some form to make application of the land on which the plaintiff has a lien, upon the principle of subrogation; but these facts could not be set up as a defence to a suit at law on these notes.

If the plaintiff, with knowledge of the relations of the defendant to this mortgage debt, voluntarily released the mortgage security, he would be liable to account to defendant for the value of that security.

The agreement by H. B. S. with defendant to pay this mortgage debt, is not within the statute of frauds.

Parol evidence of such an agreement is admissible, notwithstanding the deed may acknowledge payment of the price in full.

ASSUMPSIT, by Jacob W. Hoysradt against Leonard B. Holland. The plaintiff offered in evidence certain promissory notes, dated Sept. 10, 1861,—one for $8,000 payable in five years, one for $800 payable in four years, and one for $800 payable in five years,—signed by the defendant, payable to the order of one Thomas Condell, at Springfield, Illinois, secured by a trust deed of certain land in Illinois, executed by defendant, and after the day of payment had passed, endorsed and delivered by said Condell to the plaintiff for valuable and sufficient consideration.

The defendant proposes to show by parol evidence, oral or written, by way of defence, that he had sold the land embraced in said deed of trust to one Henry B. Silvernail, by deed dated August 11, 1864, with the usual covenants of warranty, and that, as a part of the consideration for such conveyance, the said Henry agreed to pay off said notes and cause said mortgage to be discharged, so much of the purchase money of said land having been left in his hands for that purpose; that said Henry had since died, and that his estate is in the course of administration in the State of New York by one John Silvernail, executor of his will; that as such executor, the said John, being desirous of redeeming the land from said deed of trust, had for his accommodation procured the plaintiff to advance to him the money and to take said notes as above by way of security; and that the plaintiff, when he took said notes, had notice of the defendant's claim that said Henry had agreed to pay the said notes, and also of his claim that the said John, his executor, was bound to pay them.

The plaintiff, denying that the above facts, if proved, would constitute a defence to the action, further proposed to show, by way of reply, that the estate of the said Henry was in fact insolvent and in course of administration as such, and that the said John Silvernail, at the time of the purchase of the notes in suit by the plaintiff, was the *bona fide* assignee of a trust deed of the premises conveyed by the defendant to H. B. Silvernail, made by H. B. Silvernail to the defendant, and by him assigned to said John Silvernail, together with the note which it was intended to secure, which trust deed contained full covenants of warranty; that said John Silvernail had no notice of the alleged verbal bargain between H. B. Silvernail and the defendant; and that the said

John Silvernail had previously acquired a title in fee to one undivided half of said premises for an adequate consideration, and without notice of such bargain—deriving such title from the defendant through H. B. Silvernail, and one Bliss, the immediate grantor of John Silvernail.

The parties may furnish to the court evidence of the laws of other States, which may in any way control the foregoing case.

The above case is stated for the purpose of raising certain questions of law, and that only.

*Wheeler & Faulkner*, for plaintiff.

*Cushing*, for defendant.

BELLOWS, C. J.   Defendant gave to Thomas Condell the notes in question, secured by a trust deed of land in Illinois, which notes, after they became due, were endorsed and delivered to plaintiff.

By way of defence, the defendant offered to prove that he afterwards sold this land to Henry B. Silvernail, who, as part of the price, agreed to pay off the mortgage,—so much of the price having been left in his hands for that purpose ; that said Henry died, leaving John Silvernail his executor, and the estate is in a course of settlement in New York ; and, for the purpose of redeeming the land from this incumbrance, the executor, John Silvernail, procured the plaintiff to advance the money and take these notes as security, having notice of defendant's claim that said Henry had agreed to pay these notes ; and that said John was bound to pay them.   At this time it would seem that Condell held the notes, and, for aught that was stated, they were good in his hands.   The plaintiff was requested by the executor to advance the money to him, and take the notes as security ; and he did so.

The construction to be given to this is not quite clear.

It may be that plaintiff advanced the money to the executor to pay off the mortgage, and that the executor did pay it, and afterwards gave the plaintiff the notes as security ; or it may be that the plaintiff, at the request of the executor, simply purchased the notes of Condell. If it was the latter, and the notes were simply purchased of Condell and not paid, then, although the plaintiff knew that they were to be paid by Henry B. Silvernail, or out of his estate, I see no reason why the plaintiff could not enforce them against the defendant.

In that case, however, the defendant ought to have a remedy in equity to make application of the land, upon the principle of subrogation.   The defendant, it is true, was originally the principal in the note ; but by agreement with Henry B. Silvernail, the latter had become bound, as between him and defendant, to pay it, and he held the land subject to that debt.   The defendant then stood much in the light of a surety for Henry B. Silvernail ; and he ought not to be compelled to pay the debt, and let the land go to pay the general creditors of said Henry, or go to discharge the incumbrance for the benefit of some grantee of said Henry.

If, however, the other construction be the true one, and the note was paid and taken up by the executor, his testator being himself bound to pay it, another question would arise.

If paid out of the funds of the estate, it would be an extinguishment of it, clearly. If John Silvernail then held a subsequent mortgage upon the same land given by Henry B. Silvernail to defendant and by him assigned to John Silvernail, and also held under said Henry his title to one undivided half of the land, and, this money was borrowed and paid by John Silvernail to extinguish a prior incumbrance, being borrowed either on his own credit or the credit of the estate, and he actually *paid* but did not *purchase*, the notes would be extinguished, and could not afterwards be transferred.

If, however, it was an actual purchase of the notes by the plaintiff, they would, as it would seem, be good in his hands, and would carry with them the mortgage security, which, in some form, the defendant ought to be able to reach in equity.

After all, it is mainly a question of fact whether this was really a purchase of the notes by the plaintiff, or the payment of them by the representative of the person whose duty it was to pay them.

If a purchase, they would be good in the plaintiff's hands, notwithstanding he made it at the request of an executor whose testator was bound to pay the notes, and notwithstanding the plaintiff had notice that such was the fact, and defendant would be obliged to seek for a remedy by being subrogated to the security held by the plaintiff as an incident to the notes.

But I know of no way that this fact could be set up as a defence to this action on the notes. If the plaintiff held the notes and mortgage by purchase, he could ordinarily maintain a suit upon the notes and enforce payment in that way, or he could at his election proceed to foreclose his mortgage.

In some cases equity might require him to proceed in the first instance to discuss and apply the property held as security; but I know of no case where it has been held that the fact of holding security would be a defence to a suit brought to recover the debt.

Where the creditor, without the assent of the surety, voluntarily discharges property mortgaged or pledged for the debt, having knowledge of the suretyship, he will be bound to account to the surety upon the debt for the value of the property so discharged. *City Bank* v. *Young*, 43 N. H. 460, and cases.

Whether the defendant stood in the attitude of a surety in respect to these notes, we do not decide; but if Henry B. Silvernail had become bound, equitably and legally as between him and the defendant, to pay these notes, and plaintiff knew the fact and still discharged the mortgage, it would seem to make a strong case for equitable interference, and substantially the same as in the case of a surety, and for aught I can see would come within the principle that allows a surety to set up such discharge in defence to a suit on the notes.

It is urged by the plaintiff that this contract by Henry B. Silvernail to pay off this mortgage must have been in writing, as it is a promise

to answer for the debt of another ; but this is a promise to the debtor to pay *his* debt, not a promise to the creditor, and so not within the statute of frauds, as expressly settled in *Fiske* v. *McGregory*, 34 N. H. 418, and cases cited.

It is said, also, to be a promise not to be performed within one year. If this were so, and the promise was not in writing, it would be within the statute of frauds, notwithstanding it has been fully performed on one side. *Emery* v. *Smith*, 46 N. H. 151.

It does not, however, appear whether the promise, if any was made, was oral or written, nor does it appear whether the promise was to pay these notes when they became due or otherwise. Until it is shown how this is, it would not be useful to examine this question further.

It is urged, also, that parol evidence of such an agreement would contradict the deed from the defendant to said Henry B. Silvernail. But the case of *Fiske* v. *McGregory*, 34 N. H. 414, is a full answer to this objection.

It is said, also, that defendant is estopped to set up this agreement by the covenants of warranty in his deed.

In a similar case—of *Watts* v. *Welman*, 2 N. H. 458—it was decided that where the grantee had agreed to pay off a certain mortgage upon the land conveyed, it could not, as between the grantor and grantee, be regarded as an incumbrance within the covenants of the deed ; and we think that must govern this case. Where the grantee has bound himself to extinguish an incumbrance, it may very well be treated as extinguished so far as the parties are concerned.

It is urged, on the part of the plaintiff, that even if the money had been paid by John Silvernail himself for the purchase of these notes, he could have enforced their payment of the defendant ; and we think it would not necessarily follow, from his relation to the estate of his brother, that he could not purchase and hold the notes and mortgage of Condell.

As it is not stated, however, that he did purchase the notes on his own account, we do not deem it profitable to pursue this inquiry further.

*Case discharged.*